UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**FEB 10 2012**

| | |
|---|---|
| LOREN REYNA, a/k/a LOREN TWO BULLS, | Civ. 11-4044 |
| Plaintiff, | |
| | ORDER |
| vs. | |
| | Motion for Evaluation (Doc. 37); |
| DOUGLAS WEBER, Chief Warden Director of Prison Operations Warden; TIM REISCH, Cabinet Secretary, Secretary of Corrections, Department of Corrections; BOB DOOLEY, Warden of Mike Durfee State Prison; DEPARTMENT OF HUMAN SERVICES CORRECTIONAL MENTAL HEALTH CARE; DEPARTMENT OF HEALTH CORRECTIONAL HEALTH CARE; LEWIS & CLARK BEHAVIORAL HEALTH SERVICES; DENNY KAEMINGK, | Motion to Compel (Doc. 59); Motion to Amend (Doc. 60) Motion to Amend Scheduling Order (Doc 62); Motion to Appoint Counsel (Doc. 69) |
| Defendants. | |

**BACKGROUND**

Plaintiff, Loren Reyna, a/k/a Loren Two Bulls, is an inmate in the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He has filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging various violations of his civil rights. His claims have been "screened," Reyna was granted *in forma pauperis* status, and the suit has been served upon Defendants Weber, Department of Health Correctional Healthcare, Dooley, Department of Human Services

Correctional Mental Health Care, and Lewis & Clark Behavioral Health Services.[1] Pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). *See* Doc. 45. Pending are: a motion for evaluation (Doc. 37); a motion to compel (Doc. 59); two motions to amend (Docs. 60 & 62); and a motion to appoint counsel. Also pending are two motions for permanent injunction (Docs. 47 and 61) which will be the subject of a separate Report and Recommendation.

## DISCUSSION

Reyna's original Complaint is somewhat difficult to follow and consists in large part of Reyna's regurgitation of the details of the internal administrative remedy process and of the denials of his claims within the prison system before he filed suit. Liberally construed, however, Reyna alleges the Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

Reyna explains that in May, 2009 he was (falsely) accused of leaving the Health Services building with one of his medications (Wellbutrin)[2] still in his possession. As a result, his Wellbutrin prescription was discontinued. Although other medications were substituted until June, 2010, Reyna alleges he has been denied all psychiatric medication since June 3, 2010.

Reyna also alleges he has been denied necessary medications for allergies, asthma and vision care. Among Reyna's claims is that Defendant Tjeersdma told Reyna to quit complaining and called him a "hypocondreact" (sic), a faker and an "insane mental case [who] is crazy."

---

[1] The summons for Tim Reisch was returned unserved. In her Order dated May 19, 2011, Judge Schreier explained that Denny Kaemingk was sworn in as the Secretary of Corrections on May 4, 2011 and should be substituted for Tim Reisch as a Defendant.

[2] Wellbutrin is an antidepressant indicated for the treatment of major depressive disorder. www.rxlist.com.

2

Reyna claims he sustained a rapid weight loss between August 1 and August 13, 2010. It is unclear whether Reyna attributes his claimed weight loss to the alleged denial of his serious medical needs. Reyna alleges, however, that SDSP Health Services personnel "has not allowed him to step on the scale" and the cause of his weight loss remains unknown because the Health Services staff at both the SDSP and Mike Durfee refuse to investigate.

Reyna earlier filed several motions to amend his Complaint and a motion to compel. These motions were denied without prejudice because Reyna failed to serve copies of his motions on opposing counsel. *See* Order dated October 26, 2011, Doc. 49. It now appears Reyna has served copies of the pending motions on opposing counsel. The Court, therefore, will rule on the substance of Reyna's motions.

### 1. Motion for Evaluation (Doc. 37)

Reyna originally made his Motion for Evaluation in June, 2011. He failed, however to serve a copy upon opposing counsel. Reyna "re-filed" the Motion for evaluation on November 3, 2011, with a certificate of service indicating he served a copy upon opposing counsel. *See* Doc. 51. The gist of Plaintiff's Motion is that he wishes a Fed. R. Civ. P. Rule 26(f) planning conference meeting with opposing counsel, and, because he (in his words) is a "mental health patient" he believes he should be "psychiatrically evaluated under Rule 55(b) of Fed. R.Civ. P" to determine his competency to represent himself. Reyna asks the Court to enter an Order sending him to the Human Services Center for evaluation by a "licensed psychiatrist which would notify the court of [Reyna's] status . . ." Reyna's motion will be denied for two reasons.

First, Reyna requests the competency exam for purposes of participation in a Rule 26(f) planning conference with the Defendants. According to local rules 16.1 (11) and 26.3, actions brought by un-represented persons who are in the custody of the United States or the State are specifically exempted from the pre-trial conference procedures of Fed. R. Civ. P. 26(f).

3

Second, the Federal Rules of Criminal Procedure contain provisions for ensuring the competency of a *criminal* defendant "if there is reasonable cause to believe the defendant may be presently be suffering a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." *See* 18 U.S.C. § 4241 (a). There is no apparent corresponding statutory or common law right to a court-ordered competency examination for a *civil* litigant who has voluntarily chosen to insert himself into the federal court system by initiating legal proceedings. Although Reyna's papers are not perfect, he has succeeded in filing a lawsuit that survived the "screening" process and has filed multiple motions which contain legal citations and requests for relief. Reyna's Motion for Evaluation (Doc. 37) is **DENIED**.

2.     **Motion to Compel (Doc. 59)**

Next, Reyna makes a Motion to Compel/Order for Discovery of Transcripts and/or Recordings (Doc. 59). Reyna seeks several categories of information. He requests : (1) transcripts of proceedings from the Seventh Judicial Circuit Court (Pennington County, South Dakota); (2) copies of his medical records from the Department of Human Services; (3) copies of his medical records from the Lewis & Clark Behavioral Health Services; and (4) copies of his medical records from the Department of Health Correctional Healthcare.

Fed. R. Civ. P. 37[3] addresses motions to compel discovery. It states, in relevant part:

**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
**(a) Motion for an Order Compelling Disclosure or Discovery.**
    **(1)** *In General.* On Notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
    **(2)** *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

---

[3]Reyna received a copy of Rule 37 (among others) with the Court's Scheduling Order (Doc. 50).

4

Reyna seeks discovery from both non-parties (the Seventh Judicial Circuit, Pennington County, the Department of Human Services, Lewis & Clark Behavioral Health Services) and from a party Defendant (Department of Health Correctional Health Care). He has failed, however, to indicate that he (1) gave notice to the non-parties of his motion; and (2) conferred in good faith with any of the parties whom he alleges have failed to make the disclosures he requests. Reyna's Motion to Compel (Doc.59) is **DENIED**.

### 3. Motion to Amend Scheduling Order (Doc. 62)

Reyna moves to amend the scheduling order. Reyna he explains that the Attorney General's Office moved from North Dakota Avenue to North Main Avenue, and that he (Reyna) sent his Motion to Amend (Doc. 60) to the wrong address because the Defendants' counsel failed to notify him of their change of address. There is no evidence, however, that Defense counsel did not receive Reyna's motion. Reyna's Motion to Amend (Doc. 60) was filed with the Court on November 21, 2011, within the time allowed by the original Scheduling Order. The Defendants have not objected based on late receipt of the motion. Reyna not shown any prejudice and he is now aware of the new address. Reyna's Motion to Amend the Scheduling Order (Doc. 62) is **DENIED**.

### 4. Motion to Amend (Doc. 60)

Reyna moves to amend his Complaint to add several new Defendants. They include: Ed Lightenberg, Dave Nelson, Jack Hieb, and Don Holloway, who are all members of the South Dakota Board of Pardons and Paroles and who participated in Reyna's parole decisions, and Jeff Davis, Janine Kern, and A.P. Fuller who are all State Court Judges or former State Court Judges who have presided over either Reyna's criminal or habeas proceedings in Pennington County, South Dakota, Bryan Andersen and Paula Pedersen, both Pennington County Public Defenders involved in Reyna's criminal case(s), and Glenn Brenner and Tracy Dollison Decker, both Pennington County States Attorneys involved in Reyna's criminal case(s).

5

Federal Rule of Civil Procedure 15 governs motions to amend. It provides in relevant part:

**(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"As a general rule, leave to amend shall be freely given when justice so requires. The court may disallow amendment for various reasons, however, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006) (punctuation altered)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

An amended prisoner complaint is subject to the rigors of the initial PRLA screening process. *Lowe v. Carlson*, 2008 WL 2699727 (D. Minn). To be allowed, the proposed amendment must "assert facts that affirmatively and plausibly suggest" Plaintiff is entitled to relief. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). With these standards in mind, Reyna's proposed amendments have been carefully considered.

It is well established that parole board members are entitled to absolute immunity against damage suits arising out of dissatisfaction with parole board decisions. "Parole board members are absolutely immune from suit when considering and deciding parole questions . . . An official does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision. Rather, the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in her official capacity at the time of the decision. A decision about whether or not to grant parole is at the heart of a parole board member's jurisdiction, whether that decision is based on lawful or unlawful considerations." *Patterson v. Von Riesen*, 999

6

F.2d 1235, 1239 (8th Cir. 1993). Reyna's desire to add Parole Board members as Defendants to this lawsuit arises out of his dissatisfaction with their decisions regarding Reyna's parole. As such, they were acting in their official capacity and are absolutely immune from suit. Reyna's motion to add Parole Board members as party Defendants, therefore, is futile.

Likewise, "judicial immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983." *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986). Reyna's motion to amend to add Judges Davis, Kern and Fuller, therefore, is likewise futile.

Finally, Reyna requests to amend his complaint to add both the prosecutors and the public defenders who were involved in the criminal proceedings against him in Pennington County, South Dakota. These purported claims suffer from several deficiencies. First, "public defenders do not act under color of state law for purpose of 42 U.S.C. when performing the traditional functions of defense counsel." *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Second, "[P]rosecutors have absolute immunity from claims for damages for acts performed within their official authority." *Id.* Third, the allegations asserted against prosecutors Brenner and Decker and against public defenders Andersen and Pedersen are vague at best, but more accurately described as incomprehensible. Conclusory allegations are insufficient. *See e.g., Gray v. Weber*, 244 Fed Appx 753 (8th Cir. 2007) ( collecting cases; e.g. impossible to discern from inmate's complaint which medical staff employee or employees were responsible for denying inmate care, because he identifies them only collectively as "medical staff").

Reyna will not be allowed to amend his Complaint to name Parole Board members, Judges, prosecutors and public defenders, all of whom are either immune from suit, are not state actors, or against whom Reyna made only insufficient and conclusory allegations. Reyna's Motion to Amend (Doc. 60) is **DENIED**.

### 5.     Motion for Appointment of Counsel (Doc. 69)

Reyna moves the Court for appointment of counsel. Reyna states "this motion is supported by the facts of Plaintiff's civil rights claims as developed in the record before the court." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citation omitted). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Reyna alleges deliberate indifference to his medical needs because he claims he has been denied access to psychiatric/mental health care.

This case is not legally complex. The law regarding Reyna's Eighth Amendment claim is well-settled, and requires that plaintiff "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)).

Like all individuals untrained in the law, Reyna may benefit from the assistance of counsel, but the Court does not find it necessary to appoint counsel in this matter. The Court would not benefit from the assistance of counsel at this point in the proceedings. Reyna, although

8

incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be legally complex at this point in the proceedings. Considering all the relevant factors, as discussed above, and upon the record to-date, Reyna's motion for appointment of counsel (Doc. 69 ) is **DENIED** without prejudice.

## CONCLUSION and ORDER

For the reasons explained above, it is ORDERED:

(1) Reyna's Motion for Evaluation (Doc. 37) is DENIED;

(2) Reyna's Motion to Compel (Doc. 59) is DENIED;

(3) Reyna's Motion to Amend (Doc. 60) is DENIED;

(4) Reyna's Motion to Amend the Scheduling Order (Doc. 62) is DENIED; and

(5) Reyna's Motion to Appoint Counsel (Doc. 69) is DENIED without prejudice.

Dated this _/0_ day of February, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

9