FILED
FEB 17 2012
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LOREN REYNA, a/k/a LOREN TWO BULLS, | ) ) ) | Civ. 11-4044 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT and RECOMMENDATION |
| DOUGLAS WEBER, Chief Warden Director of Prison Operations Warden; TIM REISCH, Cabinet Secretary, Secretary of Corrections, Department of Corrections; BOB DOOLEY, Warden of Mike Durfee State Prison; DEPARTMENT OF HUMAN SERVICES CORRECTIONAL MENTAL HEALTH CARE; DEPARTMENT OF HEALTH CORRECTIONAL HEALTH CARE; LEWIS & CLARK BEHAVIORAL HEALTH SERVICES; DENNY KAEMINGK, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Motions for Restraining Order Against Defendants With Permanent Injunction (Docs. 47 and 61) |
| Defendants. | ) ) ) | |

## BACKGROUND

Plaintiff, Loren Reyna, a/k/a Loren Two Bulls, is an inmate in the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He has filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging various violations of his civil rights. His claims have been "screened," Reyna was granted *in forma pauperis* status, and the suit has been served upon Defendants Weber, Department of Health Correctional Healthcare, Dooley, Department of Human Services

Correctional Mental Health Care, and Lewis & Clark Behavioral Health Services.[1] Pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). *See* Doc. 45. Pending are: two Motions for Restraining Order Against Defendants With Permanent Injunction (Docs. 47 and 61).

## DISCUSSION

Reyna's original Complaint is somewhat difficult to follow and consists in large part of Reyna's regurgitation of the details of the internal administrative remedy process and of the denials of his claims within the prison system before he filed suit. Liberally construed, however, Reyna alleges the Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

Reyna explains that in May, 2009 he was (falsely) accused of leaving the Health Services building with one of his medications (Wellbutrin)[2] still in his possession. As a result, his Wellbutrin prescription was discontinued. Although other medications were substituted until June, 2010, Reyna alleges he has been denied all psychiatric medication since June 3, 2010.

Reyna also alleges he has been denied necessary medications for allergies, asthma and vision care. Among Reyna's claims is that Defendant Tjeersdma told Reyna to quit complaining and called him a "hypocondreact" (sic), a faker and an "insane mental case [who] is crazy."

Reyna claims he sustained a rapid weight loss between August 1 and August 13, 2010. It is unclear whether Reyna attributes his claimed weight loss to the alleged denial of his serious medical needs. Reyna alleges, however, that SDSP Health Services personnel "has not allowed

---

[1] The summons for Tim Reisch was returned unserved. In her Order dated May 19, 2011, Judge Schreier explained that Denny Kaemingk was sworn in as the Secretary of Corrections on May 4, 2011 and should be substituted for Tim Reisch as a Defendant.

[2] Wellbutrin is an antidepressant indicated for the treatment of major depressive disorder. www. rxlist.com.

2

him to step on the scale" and the cause of his weight loss remains unknown because the Health Services staff at both the SDSP and Mike Durfee refuse to investigate.

Reyna's two Motions for Restraining Order Against Defendants with Permanent Injunction are essentially identical, except Doc. 61 contains some handwritten additions on the final page (p. 6) and it also includes a Certificate of Service, which the first Motion for Restraining Order (Doc. 47) did not. For the reasons explained below, it is recommended to the District Court that both motions be DENIED.

### 1. Standards

Reyna does not cite the statutory basis for his motions. Both motions request a "restraining order" and a "permanent injunction." The gist of both motions is that Reyna is dissatisfied with the parole procedure, which has required him to sign a "Suspended Sentence Supervision Agreement" and Reyna's belief that he has not been provided with adequate mental health care during his incarceration. Reyna apparently believes he is entitled to be housed at the Human Services Center in Yankton, South Dakota, either as part of his incarceration or as a portion of his parole. In support of his motions, he attaches copies of the "Suspended Sentence Supervision Agreement" which he initially refused to sign on September 8, 2011, but eventually did sign on September 27, 2011. Reyna asserts in support of his motions that Judge A. P. Fuller stated during a court hearing in August, 2010, that Reyna should be provided "medically monitored treatment with mental health programs" during his incarceration. In resistance to Reyna's motions, the Defendants filed the Affidavit of Jennie Englund (Doc. 52-2). Ms. Englund is the Clinical Supervisor of Correctional Behavioral Healthcare at the South Dakota State Penitentiary (SDSP) and explains that Reyna has access to psychiatric treatment during his incarceration.[3] Specifically,

---

[3]To date, the Defendants have not provided Reyna's medical or mental health records to the Court. Reyna provided records, however, from several sources. *See* Doc. 42. Included in Doc. 42 are records from the MDSP and from treatment Reyna received at the Lewis & Clark Behavioral Health Services during his incarceration. *Id.*

3

Englund explains that in addition to his intake psychiatric evaluation in 2008, Reyna has been seen for follow up care on twelve occasions. *Id.*

### A. Temporary Restraining Order

Pursuant to the terms of Fed. R. Civ. P. 65(b)(2), a temporary restraining order is effective for a maximum of ten days. Reyna's request clearly seeks relief which exceeds ten days. Additionally, his motion was served upon the Defendants and they have submitted a response. The Court will construe Reyna's motion as a request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (although labeled a TRO, district court's order that exceeded ten days was actually a preliminary injunction and must be treated as such).

### B. Motion for Permanent Injunction

"The standard for determining whether a permanent injunction should issue is essentially the same as the familiar standard for a preliminary injunction . . . except that the movant must show actual success on the merits." *Randolph v. Rogers*, 170 F.3d 850, 857 (8th Cir. 1999) (citations omitted). The standard for issuance of a preliminary injunction, therefore, is determinative.

"The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Whether a preliminary injunction should issue is decided by weighing four factors (the "Dataphase" factors). They are: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems v. C.L. Systems*, 640 F.2d 109, 114 (8th Cir. 1981). No single factor is determinative. "However, a party moving for preliminary injunction is *required* to show the threat of irreparable harm." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (citations omitted, emphasis added). In the prison setting a request for a preliminary injunction "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of

4

prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citations omitted, punctuation altered).

### 1. Threat of Irreparable Harm

In *Goff*, the Eighth Circuit emphasized that to show the threat of irreparable harm, an inmate must do more that merely speculate about what might happen. "[F]or an injunction to issue a right must be violated and . . . the court must determine whether a cognizable danger of future violation exists and that danger must be more than a mere possibility. . . the courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Goff*, 60 F.3d at 521.

Reyna has not sufficiently alleged a threat of irreparable harm. At most, Reyna has alleged a disagreement with the type and/or quality of the mental health treatment he has received since his incarceration. Reyna believes he is entitled to be housed at the Human Services Center in Yankton; the Defendants have asserted he has been evaluated by prison mental health services and received repeated internal evaluations during his four year incarceration. Reyna's assertion that he is "struggling with no type of medically monitored treatment and [is] still unable to determine what may occur from his impulses that has been difficulty controlling his mental health disabilities" is too vague and speculative to justify a preliminary injunction. *See, e.g. Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) ( the purpose of a preliminary injunction is not to remedy past harm but to protect plaintiff from irreparable injury that "will surely result"; irreparable harm requirement is met if plaintiff proves he will experience harm that cannot be compensated after the fact by monetary damages but speculative harm does not amount to irreparable injury). Reyna has failed to sufficiently allege a threat of irreparable harm in the absence of a preliminary injunction.

### 2. Balance Between Harm and Injury to Other Parties Litigant

Reyna has failed to show how he will be harmed (irreparably or otherwise) in the absence of a preliminary injunction which mandates the type of treatment he prefers. Prison officials

would essentially be required to provide Reyna with the medical/mental health treatment as directed by Reyna or this Court–neither of whom are medical professionals or prison administrators. The Defendants would be put to great disadvantage in the "complex and intractable problems of prison administration" should they be required to deal with one inmate differently than all the others regarding medical treatment decisions.

### 3. Probability of Success on the Merits

"The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). *See also McCreary v. Wertanen*, 2009 WL 1873997 (W.D. Mich. May 5, 2009) (plaintiff's assertion in preliminary injunction motion unrelated to subject matter of lawsuit and did not attempt to address likelihood of success of underlying claims). Reyna alleges he is not receiving adequate mental health care, but his own documentation belies his claim. At most, Reyna has merely shown a disagreement with the type and quantity of care he is receiving. At this stage of the litigation, therefore, Reyna has not shown a probability of success on the merits.

### 4. Public Interest

Reyna has failed show, at this stage of the proceedings, that he has been denied access to mental health care during his state incarceration. His own filing (Doc. 42) indicates he has been regularly evaluated by prison mental health professionals who have monitored and adjusted his medications on many occasions. Reyna has failed to identify any public interest in this Court's oversight of the program offered by the South Dakota prison system to monitor Reyna's mental health status.

> In the context of a motion impacting on matters of prison administration, the interests of . . . the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.

*McCreary, Id.* at *2. Similarly, in the absence of a showing his constitutional rights have been or are being violated, Reyna has failed to show a public interest in his requested permanent injunction.

### CONCLUSION and RECOMMENDATION

Reyna bears the burden of proving an injunction should be issued. He has failed to carry his burden. Accordingly, it is hereby

RECOMMENDED that:

1. Plaintiff's Motions for Restraining Order Against Defendants with Permanent Injunction (Docs. 47 and 61) be DENIED.

Dated this __17__ day of February, 2012.

BY THE COURT:

_____
John E. Simko
Magistrate Judge