UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOREN REYNA, a/k/a LOREN TWO BULLS; | * * * | CIV 11-4044-RAL |
| Plaintiff, | * * | |
| vs. | * * | OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Chief Warden Director of Prison Operations Warden; TIM REISCH, Cabinet Secretary, Secretary of Corrections, Department of Corrections; BOB DOOLEY, Warden of Mike Durfee State Prison; DEPARTMENT OF HUMAN SERVICES CORRECTIONAL MENTAL HEALTH CARE; DEPARTMENT OF HEALTH CORRECTIONAL HEALTH CARE; LEWIS & CLARK BEHAVIORAL HEALTH SERVICES; and DENNY KAEMINGK; | * * * * * * * * * * * * * * * | |
| Defendants. | * | |

Plaintiff, Loren Reyna, a/k/a Loren Two Bulls, filed a pro se civil rights lawsuit against Defendants. Reyna filed a motion for a permanent injunction. This Court referred Reyna's motion to Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Simko recommends that Reyna's motion be denied. Reyna objects to the Report and Recommendation.

Under 28 U.S.C. § 636(b)(1), "when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003)

(quoting 28 U.S.C. § 636(b)(1)); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In order to trigger de novo review, objections must be specific and timely. Thompson v. Nix, 897 F.2d 356, 358 (8th Cir. 1990). Having conducted a de novo review of the matter, this Court adopts the Report and Recommendation and denies Reyna's motions for a permanent injunction.

Reyna also has filed a motion to strike the Report and Recommendation and a motion for rulings. After reviewing those motions, this Court concludes that Reyna is not entitled to such relief and those motions are denied.

## I.   Pertinent Facts

Reyna filed a pro se civil rights lawsuit against Defendants under 42 U.S.C. § 1983. Reyna is an inmate at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota. Defendants are Warden Douglas Weber, Warden Bob Dooley, Secretary of Corrections Denny Kaemingk, and several entities tasked with providing mental and other healthcare to inmates.

Reyna claims that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Specifically, he alleges that he was falsely accused of leaving the Health Services building with Wellbutrin, one of his medications, still in his possession. As a result, his prescription for Wellbutrin was discontinued. Although other medications were substituted until June 2012, Reyna contends that he has been denied all psychiatric medication since June 3, 2010. Reyna also alleges that he has been denied necessary medications for allergies, asthma, and vision care. Reyna's final claim is that he sustained a rapid weight loss between August 1 and August 13, 2010. Reyna

2

alleges that SDSP Health Services personnel have "not allowed him to step on the scale" and the cause of his weight loss remains unknown because the Health Services staff at both the SDSP and Mike Durfee State Prison refuse to investigate.

## II. Discussion

Reyna filed a document entitled "Plaintiff's Broad Objection to the Magistrate Court's Report and Recommendation 'R & R' under Title 42 U.S.C. § 1983(5) to Conduct Review 'De Novo.'" Doc. 79. The document is generally a recitation of the events that lead Reyna to file this lawsuit. Some of Reyna's statements, if liberally construed, appear to be specific objections to Judge Simko's findings.

Reyna first objects to Judge Simko's finding that he will not suffer irreparable harm if an injunction does not issue. Reyna asserts that if an injunction is not issued and he does not receive psychiatric treatment, he will "be injured without his psychotropic medications and injure others that are in his surroundings, physically and emotionally, because of his anger and psychotic behavior." Id. at 18. In support of his argument that he will suffer irreparable harm, Reyna cites Domino v. Texas Department of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). In Domino, the administrator of the estate of a prisoner who committed suicide in custody alleged that a prison psychiatrist who failed to predict the prisoner's suicide was deliberately indifferent to his medical needs. Id. at 753. The case did not concern a motion for preliminary relief. Rather, the appeal centered around the district court's denial of qualified immunity. Id. at 754. The Court of Appeals for the Fifth Circuit reversed the district court because it found the psychiatrist was not deliberately indifferent as a mistaken diagnosis does not amount to deliberate indifference. Id. at 755. Thus, this case does not support Reyna's argument. Judge Simko noted that Reyna has "received

3

repeated internal [mental health] evaluations during his four year incarceration." Doc. 71 at 5. Thus, Judge Simko reasoned that Reyna has "alleged a disagreement with the type and/or quality of the mental health treatment he has received since his incarceration." Id. Consequently, Judge Simko found the threat of harm was too speculative to justify injunctive relief. Reyna's objection does not demonstrate that the threat of harm is concrete or that it presently exists. Thus, his objection is overruled. See Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir.) ("[I]njunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights[.]"). The remainder of Reyna's objections relating to Judge Simko's finding that Reyna has not shown he will suffer irreparable harm if an injunction does not issue merely repeat arguments Reyna made in his motions for an injunction. Thus, to the extent Reyna intended those arguments as objections to the Report and Recommendation, his objections are overruled.

Reyna next objects to Judge Simko's conclusion that he has not shown a likelihood of success on the merits. Reyna asserts that he has succeeded "on the merits on the date of July 20, 2010 when the state court signed the writ and its reference to have the Plaintiff transported on August 13, 2012 for the court proceeding August 17, 2010, because their orders were dishonored." Doc. 79 at 22. It appears that the court proceeding Reyna references was a sentence modification hearing in state court before Judge A.P. Fuller. Doc. 79-4, Writ of Habeas Corpus ad Prosequendum. The fact that Defendants were ordered to transfer Reyna to the custody of the Pennington County Sheriff so he could be transported to the Pennington County Jail in Rapid City, South Dakota prior to a hearing in his criminal case has no bearing on this federal civil action. Thus, Reyna's objection is overruled.

4

Reyna's final objection is to Judge Simko's finding that the issuance of an injunction would not be in the public interest. Reyna asserts that "it is in the public's interest on the basis that all the issues are on the transcript from the court proceeding in state court on August 17, 2010." Doc. 79. Reyna does not further explain his objection or provide any authority in support of his argument. Thus, his objection is overruled. Judge Simko's Report and Recommendation is adopted in full and Reyna's motions for a restraining order with a permanent injunction are denied.

### III.    Motion to Strike

Reyna also moves to strike Judge Simko's Report and Recommendation. Doc. 83. Reyna argues that because he has shown an invasion of his constitutional rights, his motion to strike the Report and Recommendation should be granted. Reyna argues that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to strike there is a presumption that general allegations embrace those specific facts that are necessary to support the claim." Id. at 3 (quoting in part Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)). Although Reyna appears to be quoting Stalley, he altered the quoted language to read "for on a motion to strike" when the original language was "on a motion to dismiss." In Stalley, the United States Circuit Court of Appeals for the Eighth Circuit was reviewing the district court's dismissal of a claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Stalley, 509 F.3d at 521. Thus, Stalley does not support his argument. Reyna does not identify any other grounds for striking the Report and Recommendation. The remainder of his motion consists of recitals of unrelated case law. Thus, Reyna's motion to strike is denied.

## IV. Motion for Rulings

Reyna also moves for a ruling on his objections to the Report and Recommendation. Doc. 89. Because his objections are overruled, this motion is denied as moot.

## V. Conclusion

Therefore, it is hereby

ORDERED that this Court denies Plaintiff's Objection (Doc. 79) to the Report and Recommendation and adopts the Report and Recommendation of Judge Simko (Doc. 71). It is further

ORDERED that Reyna's motions for restraining order against Defendants with permanent injunction (Doc. 47, 61) are denied. It is further

ORDERED that Reyna's motion to strike the Report and Recommendation (Doc. 83) is denied. It is further

ORDERED that Reyna's motion for rulings (Doc. 89) is denied as moot.

Dated June 19, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE