UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
JUN 12 2014

| | | |
|---|---|---|
| LOREN REYNA, a/k/a LOREN TWO BULLS, | * * * | CIV 11-4044-RAL |
| Plaintiff, | * * | |
| vs. | * * | |
| DARIN YOUNG, Warden, South Dakota State Penitentiary; BOB DOOLEY, Director of Prison Operations; DENNY KAEMINGK, Cabinet Secretary, Secretary of Corrections, Department of Corrections; DEPARTMENT OF HUMAN SERVICES CORRECTIONAL MENTAL HEALTH CARE; DEPARTMENT OF HEALTH CORRECTIONAL HEALTH CARE; LEWIS & CLARK BEHAVIORAL HEALTH SERVICES; | * * * * * * * * * * * * | ORDER ADOPTING REPORT & RECOMMENDATIONS AND RULING ON CERTAIN MOTIONS AND OBJECTIONS |
| Defendants. | * * * | |

Plaintiff Loren Reyna a/k/a Loren Two Bulls (Reyna) filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against certain Defendants.[1] Doc. 1. This Court has referred certain motions to Magistrate Judge John E. Simko in this case pursuant to 28 U.S.C. § 636(b)(1)(B). Doc. 45. Judge Simko entered a previous Report and Recommendation, Doc. 116, on June 29, 2012, which recommended that Defendants' Motion for Summary Judgment, Doc. 75, be granted

---

[1] Through the course of this case, certain named defendants have been substituted. For instance, in February of 2013, Bob Dooley was named the director of Prisons Operations for the South Dakota Department of Corrections; he originally was named as the warden of Mike Durfee State Prison. In May of 2013, Darin Young became the warden of the South Dakota State Penitentiary, thereby replacing the previously named defendant and the now-retired Douglas Weber. In May of 2011, Denny Kaemingk became the Secretary of Corrections, thereby replacing the previously named defendant Tim Reisch. These defendants have been substituted under Rule 25(d) of the Federal Rules of Civil Procedure.

and that certain motions filed by Reyna be denied. Doc. 116 at 35. This Court adopted the Report and Recommendation, granted summary judgment to the Defendants, and denied other motions of Reyna. Doc. 126; Doc. 128. In considering the Defendants' Motion for Summary Judgment at that time, Judge Simko and in turn this Court relied in part upon the medical records of Reyna. The Defendants had produced and filed the medical records under seal. Doc. 111. Unbeknownst to this Court, those medical records were not furnished to Reyna at that time.

Reyna appealed, and the United States Court of Appeals for the Eighth Circuit remanded the matter to this Court for reconsideration after Reyna was allowed access to his medical records. Doc. 147. Reyna has had access to those records. Judge Simko, on August 8, 2013, filed an order requiring the Defendants to provide the medical records to Reyna. Doc. 153. Defendants filed a Certificate of Compliance with the Court's order, Doc. 155, on August 13, 2013. Reyna, however, filed a Motion for Judgment of Default, Doc. 157, on August 30, 2013, reporting that he had still not received those medical records. Defendants opposed the motion, noting that they had provided the medical records and produced information showing that those medical records in fact had been sent to Reyna. Doc. 159. Subsequent filings by Reyna indicate that he in fact received those medical records. See Doc. 160; Doc. 164.

There presently is pending before this Court reconsideration of Defendants' Motion for Summary Judgment, Doc. 75; Plaintiff's Motion for Default Judgment, Doc. 157; Plaintiff's Cross Motion for Summary Judgment, Doc. 162; the Report and Recommendation of Magistrate Judge Simko, Doc. 168; and Plaintiff's Objection to the Report and Recommendation, Doc. 174.

Under 28 U.S.C. § 636(b)(1), "when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Likewise, under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." In order to trigger de novo review, objections must be specific and timely. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

The Report and Recommendation of Judge Simko was filed on March 19, 2014, and contained notice to Reyna that he had fourteen days within which to file written objections. Doc. 168 at 10. On March 31, 2014, Reyna filed a Motion to Extend Deadline, Doc. 169, which this Court granted enlarging Reyna's deadline to April 30, 2014. Doc. 170. On May 1, 2014, Reyna filed another motion for an extension in time to submit objections to the Report and Recommendation. Doc. 172. This Court again accommodated Reyna's request and granted a further extension to May 30, 2014. Doc. 173. On June 2, 2014, Reyna filed what he entitled a "Broad Objection" to the Report and Recommendation. Doc. 174. The envelope containing Doc. 174 appears to have been mailed on May 30, 2014. This Court deems Reyna's "Broad Objection" to be timely filed.

Despite the accommodations provided to Reyna by this Court to enlarge the time for his objections to the Report and Recommendation, Reyna has not filed what could be considered a "specific" objection, but rather a generalized assault on how he feels that he has been treated by this Court. Reyna accuses this Court of being "sneaky and cowardize [sic] by keeping Plaintiff Reyna's medical records from him." Doc. 174 at 1. Reyna's objection uses a profanity and opines that "this Court is just mad they [sic] were proven wrong to the U.S. Court of Appeals for the

3

Eighth Circuit being that Reyna showed that the medical records which are evidence were being tampered with and being withheld from him." Doc. 174 at 2-3. Reyna accuses this Court of considering his case to be "a game," and desires a jury trial of his claims. Doc. 174 at 2, 4. Reyna's "Broad Objection" does not raise any specific legal or factual challenge to the Report and Recommendation, and thus does not trigger entitlement to de novo review. Thompson, 897 F.2d at 358. Nevertheless, and in part mindful of the fact that Reyna is pro se and has psychiatric issues, this Court conducted a de novo review of both the prior Report and Recommendation, Doc. 116, and the most recent Report and Recommendation. Doc. 168.

The prior Report and Recommendation, Doc. 116, contains a more extensive evaluation of Reyna's claims and his psychiatric treatment while in custody of South Dakota officials. The more recent Report and Recommendation, Doc. 168, focuses on additional and more recent claims made by Reyna. In short, Reyna asserts that the Defendants were deliberately indifferent to Reyna's serious psychiatric conditions and that the Defendants thereby violated Reyna's constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment. Reyna certainly has disagreement with changes that have been made in his medication and the level of attention to his psychiatric needs. However, prisoners "do not have a constitutional right to any particular type of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Id. A difference of opinion between a prisoner and medical providers at the institution over the course of treatment does not rise to the level of a constitutional violation. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981).

This Court has reviewed not only the two most recent Reports and Recommendations, but also the materials on file in the Case Management/Electronic Case Filing System (CM/ECF) for this case. Rather than duplicating the content of those two Reports and Recommendations, particularly in light of the absence of a specific objection from Reyna, this Court will adopt Judge Simko's analysis in his Reports and Recommendations. Therefore, for good cause, it is hereby

ORDERED that the Report and Recommendation, Doc. 116, and the Report and Recommendation, Doc. 168, are adopted. It is further

ORDERED that Plaintiff's Motion for Default Judgment, Doc. 157, is denied. It is further

ORDERED that Plaintiff's Cross Motion for Summary Judgment, Doc. 162, is denied. It is further

ORDERED that Plaintiff's "Broad Objection," Doc. 174, to the Report and Recommendation, Doc. 168, is overruled. It is finally

ORDERED that, upon reconsideration, Defendants' Motion for Summary Judgment, Doc. 75, is granted.

Dated June 12th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE